In omitting to take bail the sheriff does no wrong to the plaintiff in the writ of capias ad respondendum. All that the writ and the law requires is that the sheriff should have the body of the defendant ready to produce when the plaintiff should demand it to satisfy his recovery. Before any statute was made on the subject the sheriff was required to have the body of the defendant at the return of the writ, and whether the sheriff imprisoned the defendant or let him out upon bail or without bail, it was nothing to the plaintiff; the sheriff was exonerated from all liability if he produced the body, nor was he excused by showing that he let the defendant out upon bail, however sufficient that bail might be, and the law remained the same in this particular after the sheriff was commanded by statute to let to bail those whom he arrested on such process, for the sheriff's liability remained the same; (363) the bail was for his indemnity only. In 1777 the Legislature prescribed the manner of taking bail, altered the nature of bail to the writ, and declared that all bail should be held and deemed special bail, and defined what they meant by special bail, by declaring that the bail might discharge themselves by surrendering their principal at any time before final judgment on sci. fa. At the same time it was enacted that if he omitted to take bail, or took that which was insufficient, upon notice given at the first term he should stand as special bail. This notice was not necessary, as was contended in the argument, when he omitted to take bail, but only in those cases where he took bail that was insufficient in the estimation of the plaintiff; and it was required that the sheriff should have notice of the exception that he might justify, that is, show the bail to be *Page 204 
sufficient; and in such case he became bail, if he failed to justify. He was also required by the same act to assign the bail bond to the plaintiff; thus was the whole law relative to bail altered — there was no longer any distinction between bail to the writ and bail to the action; the bail taken by the sheriff became bail to the action, with this alteration, that the bail were not fixed with the recovery by the return of non estinventus to the ca. sa., but might discharge themselves by surrendering their principal before final judgment on the scire facias. As the law now stands there is no necessity of having the body at the return of the writ, for the object is completely answered by turning the bail to the writ into the bail to the action, be that bail the sheriff or any other person. The plaintiff, therefore, is entirely uninterested in the fact whether the sheriff took or omitted to take bail; and were this action sustained it would deprive the sheriff of one of the privileges of bail, which was certainly accorded to him by the statute, to wit, the right of surrendering his principal; but it was contended that the sheriff (364) became bail at the election of the plaintiff, which election was evidenced by giving notice, and to prove this to be the correct construction of the statute, it is asked, what would be done if the sheriff should die after the arrest and before the return term? Here there would be no person to whom notice could be given. In answer, I would say that the law, which requires not impossibilities, would permit a departure from the words of the statute and suffer the first term to be read the first term after it was physically possible for the act to be done. It is said that, by construction of the act, the sheriff, who might be an insolvent, might impose himself as bail on the plaintiff against his will. It is admitted; but for this reason I think it an official act of the sheriff, and that those who are bound as securities for his official acts are responsible. The sheriff will have omitted to discharge his official duty only where he shall have failed to pay the condemnation money or surrender the defendant before final judgment on the sci. fa. The demurrer must be sustained.
TAYLOR, C. J., concurred.
PER CURIAM. Affirmed.
Cited: Barker v. Munroe, 15 N.C. 415; Gray v. Hoover, ib., 476. *Page 205